

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 10-997 |
| VERSUS | JUDGE TRIMBLE |
| OSBORN SCOTT (DECEASED), ALVANIA DEXTER SCOTT, GLENDA SCOTT WILSON WASHINGTON (A/K/A GLENDA WISLON), FRED WASHINGTON, OSBORN SCOTT, JR., SONDRA SCOTT JOHNSON (DECEASED), MACK HENRY JOHNSON and SANTANNA ANNETTE SMITH JOHNSON | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a motion to dismiss pursuant to Fed. R. Civ. P. 19, filed by defendants Alvania Dexter Scott, Glenda Scott Wilson Washington (A/K/A Glenda Wilson), Fred Washington, Osborn Scott, Jr., Mack Henry Johnson and Santanna Annette Smith Johnson (hereinafter "defendants").[1] For the reasons expressed below, the court finds that the motion should be **DENIED**.

I.    **RELEVANT FACTS**

The above-captioned suit was filed on June 17, 2010 by the United States of America (hereinafter "government") on behalf of the Farmers Home Administration (now known as the Farm Service Agency) (hereinafter "FSA") to enforce duly recorded mortgages on certain immovable

---

[1] R. 12.

property located in Rapides Parish, Louisiana.[2]  More specifically, the mortgages are recorded as follows:

| DATE | REGISTRY NO. | BOOK/PAGE |
|---|---|---|
| 7-20-79 | 706663 | 860/694 |
| 5-02-80 | 719938 | 884/528 |
| 2-20-81 | 732835 | 907/421 |
| 8-26-81 | 1362951 | 2367/275 |
| 5-22-84 | 783804 | 990/599[3] |

The government alleges that these five mortgages were executed in order to secure a series of promissory notes issued in the government, during the years 1979 through 1984.[4]  Osborn Scott, Sr. is deceased and, by Judgment of Possession, Alvania Scott, Glenda Wilson, Osborn Scott, Jr. and Sondra Johnson were placed in possession of his interest in the property subject to the mortgages listed above.[5]  After tax sale, the property subject to the those mortgages was acquired by quitclaim deed by Alvania Scott, Glenda Wilson (married to Fred Washington), Osborn Scott, Jr. and Sondra Scott Johnson (married to Mack Henry Johnson).[6]  Sondra Scott Johnson is also deceased and, by Judgment of Possession, Mack Henry Johnson and Santanna Annette Smith Johnson were placed in possession of Sondra's interest in the property subject to the mortgages listed above.[7]

---

[2] R. 1-1.

[3] Copies of each mortgage located at R. 1-2.

[4] R. 1 at p. 2; copies of promissory notes located at R. 1-1.

[5] R. 1 at p. 4.

[6] Id.

[7] R. 1 at p. 5.

subject to the mortgages listed above.[7]

The government asserts that defendants have defaulted on payments due under the promissory notes and that the entire remaining balances of these notes are now accordingly due and payable.[8] The government further asserts that costs in the amount of $3,026.40 are also due and payable by defendants.[9] The government seeks a judgment against defendants in rem for these amounts, plus any additional interest to which it may be entitled, along with all costs of this mortgage enforcement action.[10] The government also seeks a sale of the mortgaged property, without appraisal, at public auction to the highest bidder, and requests that the proceeds be applied to its claim pro tanto in accordance with the mortgages described above.[11]

Defendants filed the instant motion to dismiss on the basis that the government failed to join necessary parties under Fed. R. Civ. P. 19(a). Specifically, defendants point to point to the following instruments, executed and recorded between September 24, 1981 and July 9, 1981, as evidence that necessary parties exist who have not been joined in this suit:

> 1. Right of Way, Osborn Scott to South Central Bell, dated September 24, 1981, Conveyance Book 1044, page 546;

---

[7] R. 1 at p. 5.

[8] The principal balance and interest due on each outstanding promissory note is listed in the record at R. 1 at p. 3. The court calculates the total principal balance due is $106,342.36 and the total interest due is $150,539.36 as of the date of the government's complaint.

[9] An itemized list of costs claimed by the government is located in the record at R. 1 at p. 4.

[10] R. 1 at p. 5.

[11] Id.

    2.    Order of Expropriation, Alvania D. Scott, et al. to the State of Louisiana, dated September 17, 1986, filed September 22, 1986, Conveyance Book 1188, page 811;

    3.    Right of Way; Osborn Scott Estate to Central Louisiana Electric Company, Inc., dated January 27, 2987, Conveyance Book 1199, page 470;

    4.    Right of Way, Osborn Scott Estate to South Central Bell Telephone Company, dated March 30, 1987, Conveyance Book 1203, page 729;

    5.    Lease granted to KGIM Broadcasting Corp., Inc., dated July 9, 1981 as recorded MOB 917, Page 236, No. 739903.[12]

Defendants argue that foreclosure of the 52.8 acre tract directly affects the property interests granted to South Central Bell Telephone Company ("SCB"), the State of Louisiana ("State"), Central Louisiana Electric Company, Inc. ("CLECO"), and KGIM Broadcasting Corporation ("KGIM") and that, pursuant to Fed. R. Civ. P. 19(a), the government's failure to join these necessary parties should result in dismissal of this suit or, at the very least, an order from this court requiring the government to join these parties.[13]

## II.  APPLICABLE STANDARD

Fed. R. Civ. P. 12(b)(7) provides that a party, by motion, may assert the defense of failure to join a party under Fed. R. Civ. P. 19. Rule 19 provides that

> (1)...[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>     (A)    in that person's absence, the court cannot

---

[12] R. 12 at p. 2.

[13] Id. at pp

>   accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

When faced with a motion to dismiss for failure to join a required party under Rule 19, the court must engage in a two-part inquiry, first asking whether or not a person should be joined to lawsuit. If the court finds that the party at issue should be joined for one of the reasons enumerated in Rule 19, then the court must ask whether or not joinder of the required party would destroy the court's subject matter jurisdiction and, if so, whether or not to continue the litigation without the party or dismiss it.[14] The party urging dismissal bears the burden of demonstrating that the party or parties at issue possess unprotected interests and that joinder is not practicable.[15]

## III.   ANALYSIS

Defendants' motion asserts that SCB, the State, CLECO and KGIM are each required parties under Rule 19 because they each have duly recorded property interests in the property at issue in this

---

[14] HR Resources, Inc. v. Wingate, 327 F.3d 432, 439 (5th Cir. 2003) citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1359, at 425 (2d ed. 1990).

[15] Id. citing Cornhill Ins. PLC v. Valsamis, Inc., 106 F.3d 80, 84 (5th Cir. 1997).

case. More specifically, defendants assert that, under applicable Louisiana property law, if defendants' property is seized and sold to enforce the mortgage as prayed for by the government, all leases and encumbrances recorded after the enforced mortgage are cancelled. Defendants assert, therefore, that the various property rights of these parties are in jeopardy, making joinder of these parties necessary under Rule 19. Defendants urge dismissal of the action or, in the alternative, an order from this court requiring the government to join these parties.

The government disputes defendants' theory, arguing that this is an in rem proceeding under Louisiana law and, as such, will not, in the event of seizure and sale, impact the ability of any of the parties at issue to protect their property interests, provided those interests are superior to the mortgages sought to be enforced.

This case concerns the enforcement of certain mortgages on real property situated in the State of Louisiana. Pursuant to 28 U.S.C. § 1345, this court has original jurisdiction over this case because the United States of America is a party to the suit. In such instances, the court will apply Louisiana's substantive property law to the rights of the parties, but will apply federal procedural law to the proceedings.[16]

Louisiana Civil Code Article 3307 provides that

> [a] mortgage has the following effects:
>
> (1) Upon failure of the obligor to perform the obligation secured by the mortgage, the mortgagee may cause the mortgaged property to be seized and sold in the manner provided by law and have the proceeds applied toward the satisfaction of the obligation.

---

[16] Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938); Exxon Corp. v. Burglin, 42 F.3d 948 (5th Cir. 1995); Cates v. Sears, Roebuck & Co., 928 F.2d 679 (5th Cir. 1991).

> (2) The mortgaged property may not be transferred or encumbered to the prejudice of the mortgage.
>
> (3) The mortgagee is preferred to the unsecured creditors of the mortgagor and to others whose rights become effective after the mortgage becomes effective as to them.

Article 3307 memorializes Louisiana property law's inclusion of the pact de non alienando, also referred to as the "pact de non," which allows a mortgage creditor to disregard all subsequent transfers of property subject to the mortgage and to enforce the mortgage via executory process.[17] Amplification of the pact de non is also found in Louisiana Code of Civil Procedure Articles 2701 - 2703. La. C. Civ. P. Art. 2701 specifically provides that a third party possessor of property subject to a prior mortgage need not be made a party to a civil action to enforce such mortgage. While this Article is found within the Louisiana's procedural rules, it is ample evidence of the relative rights of both the mortgage creditor and the third party possessor under Louisiana's substantive property law. Moreover, Louisiana's highest court has clearly indicated that the pact de non operates to the benefit of the mortgage creditor even when the subsequent transfers involve expropriations by the state itself.[18]

Although defendants do not argue the issue of notice as it relates to constitutional due process concerns, we note that La. R.S. 13:3886 provides a means by which the possessor of a property interest may ensure that he receives notice in the event of the seizure of specified immovable property. In a case involving a possessor of mineral rights, the U.S. Fifth Circuit Court of Appeals

---

[17] Matter of Dibert, Bancroft & Ross Co., Ltd., 117 F.3d 160, 174-75 (5th Cir. 1997).

[18] Id. at 175, citing Shields v. Shiff, 36 La. Ann. 644, 648 (La. 1884), aff'd 124 U.S. 351 (1888), Avegno v. Schmidt & Ziegler, 35 La. Ann. 585, 590 (La. 1883), aff'd 113 U.S. 293 (1885).

7

held that this method of "constructive notice" was sufficient under the Due Process Clause of the U.S. Constitution.[19] Defendants do not argue that the alleged interested parties availed themselves of this notice provision and did not receive the statutory notice to which they are entitled. Moreover, none of the parties listed by defendants have sought to intervene in this proceeding.

Our review of the mortgage instruments before us confirms that such mortgages contain a confession of judgment providing that the mortgage creditor, here the Government, may, in the event of a default by the "Borrower," proceed with the enforcement of the mortgage by foreclosure or other means provided by law.[20] Accordingly, Louisiana law provides that the Government is entitled, as the mortgage creditor on the mortgages executed and duly recorded in 1979 and 1980, to enforce such mortgages by executory process, ignoring the subsequent encumbrances recorded in the years 1981, 1986 and 1987.[21] We find no just cause for dismissal.

As argued by the Government, Louisiana law governing property rights and, more specifically, the rank of mortgages, dictates that none of the parties alleged to be necessary to this action should be considered "required parties" under Fed. R. Civ. P. 19. Similarly, Louisiana law does not require that the Government be made to join these parties. For the reasons stated above, the court finds that defendants' motion should be DENIED in all respects. The court will issue an order in conformity with these findings.

---

[19]Davis Oil Co. v. Mills, 873 F.2d 774 (5th Cir. 1989).

[20]R. 1-2.

[21]To the extent that the Government's action seeks enforcement of the mortgages of 2/20/81 and 8/26/81, we find that such mortgages also precede the right of way granted in 1981 favor of South Central Bell because that interest was not granted until September 24, 1981, nearly one month after the last 1981 mortgage.

Alexandria, Louisiana
December 2̲8̲ , 2010

_James Trimble_
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE