RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 2/22/11
BY ask

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 10-997 |
| VERSUS | JUDGE TRIMBLE |
| OSBORN SCOTT (DECEASED), ALVANIA DEXTER SCOTT, GLENDA SCOTT WILSON WASHINGTON (A/K/A GLENDA WISLON), FRED WASHINGTON, OSBORN SCOTT, JR., SONDRA SCOTT JOHNSON (DECEASED), MACK HENRY JOHNSON and SANTANNA ANNETTE SMITH JOHNSON | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a motion for summary judgment filed by plaintiff, United States of America ("Government").[1] For the reasons expressed herein, the court finds that the Government's motion should be GRANTED in full.

I.  **RELEVANT FACTS**

The above-captioned suit was filed on June 17, 2010 by the United States of America (hereinafter "government") on behalf of the Farmers Home Administration (now known as the Farm Service Agency) (hereinafter "FSA") to enforce duly recorded mortgages on certain immovable property located in Rapides Parish, Louisiana.[2] More specifically, the mortgages are recorded as follows:

---

[1] R. 16.

[2] R. 1-1.

1

| DATE | REGISTRY NO. | BOOK/PAGE |
|------|--------------|-----------|
| 7-20-79 | 706663 | 860/694 |
| 5-02-80 | 719938 | 884/528 |
| 2-20-81 | 732835 | 907/421 |
| 8-26-81 | 1362951 | 2367/275 |
| 5-22-84 | 783804 | 990/599[3] |

The government alleges that these five mortgages were executed in order to secure a series of promissory notes issued to the government, during the years 1979 through 1984.[4] Osborn Scott, Sr. is deceased and, by Judgment of Possession, Alvania Scott, Glenda Wilson, Osborn Scott, Jr. and Sondra Johnson were placed in possession of his interest in the property subject to the mortgages listed above.[5] After tax sale, the property subject to the those mortgages was acquired by quitclaim deed by Alvania Scott, Glenda Wilson (married to Fred Washington), Osborn Scott, Jr. and Sondra Scott Johnson (married to Mack Henry Johnson).[6] Sondra Scott Johnson is also deceased and, by Judgment of Possession, Mack Henry Johnson and Santanna Annette Smith Johnson were placed in possession of Sondra's interest in the property subject to the mortgages listed above.[7]

The government asserts that defendants have defaulted on payments due under the promissory notes and that the entire remaining balances of these notes are now accordingly due and

---

[3] Copies of each mortgage located at R. 1-2.

[4] R. 1 at p. 2; copies of promissory notes located at R. 1-1.

[5] R. 1 at p. 4.

[6] Id.

[7] R. 1 at p. 5.

payable.[8] The government further asserts that costs in the amount of $3,026.40 are also due and payable by defendants.[9] The government seeks a judgment against defendants in rem for these amounts, plus any additional interest to which it may be entitled, along with all costs of this mortgage enforcement action.[10] The government also seeks a sale of the mortgaged property, without appraisal, at public auction to the highest bidder, and requests that the proceeds be applied to its claim pro tanto in accordance with the mortgages described above.[11]

Defendants filed a motion to dismiss on the basis that the government failed to join necessary parties under Fed. R. Civ. P. 19(a). By ruling and order dated December 28, 2010, this court denied that motion, finding that defendants failed to demonstrate the necessity of joinder of other parties as urged.

The Government's motion for summary judgment, now before the court, requests entry of summary judgment in the Government's favor on the basis that defendants demonstrate no genuine issue of material fact which would make the Government's foreclosure summary proceeding improper. Having received briefs by all parties, the court finds that the matter is properly before the court for consideration. We address the law and argument advanced by the parties below.

---

[8] The principal balance and interest due on each outstanding promissory note is listed in the record at R. 1 at p. 3. The court calculates the total principal balance due is $106,342.36 and the total interest due is $150,539.36 as of the date of the government's complaint.

[9] An itemized list of costs claimed by the government is located in the record at R. 1 at p. 4.

[10] R. 1 at p. 5.

[11] Id.

## II. APPLICABLE STANDARD

Fed. R. Civ. P. 56 permits any party to move for summary judgment on all or a portion of the claims at issue in any suit. Rule 56 instructs that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12]

Rule 56 further provides that

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by...
>
> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions interrogatory answers, or other materials; or...
>
> showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce evidence to support the fact.[13]

When faced with a motion for summary judgment, a non-moving party may not rest on the allegations of the pleadings.[14] Once the moving party meets its initial burden of proof by demonstrating the absence of a genuine issue of material fact for trial, the nonmoving party must

---

[12] Fed. R. Civ. P. 56(a). We note that Rule 56 was amended, effective December 1, 2010, making its amended language applicable to the instant motion which was filed on December 3, 2010. We also note, however, that the Advisory Committee Comments to the 2010 amendments make it clear that "the standard for granting summary judgment remains unchanged."

[13] Fed. R. Civ. P. 56(c)(1)(a), (b).

[14] Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

4

designate specific facts showing that there is a genuine issue for trial.[15] If the nonmoving party fails to satisfy this burden, the court must enter summary judgment in favor of the movant if the record before it demonstrates that the movant is entitled to judgment as a matter of law. If the nonmoving party is unable, for reasons specified by affidavit or declaration, to present facts necessary to justify its opposition to the motion, the court may defer ruling on the motion, deny the motion, grant additional time for the taking of discovery or issue any other appropriate order.[16]

In considering a motion for summary judgment, the court will view the evidence before it in the light most favorable to the nonmoving party, but will not infer proof of facts not properly alleged and supported.[17] Evidence presented in support of or in opposition to a motion for summary judgment must be of the sort that would admissible in evidence at the trial of the matter.[18]

### III. ANALYSIS

The government first asserts that, though defendants may argue otherwise, its in rem rights to the property subject to the recorded mortgages do not prescribe and, thus, remain enforceable even after any rights of action against the debtors in personam have prescribed under Louisiana law.[19] Citing 28 U.S.C. 2415(a), the government points out that, though actions for money damages are subject to a six (6) year statute of limitations, subsection (c) specifically exempts actions by the

---

[15] Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990); Matsushida, 475 U.S. at 586; Celotex, 477 U.S. at 323; Little, 37 F.3d at 1975.

[16] Fed. R. Civ. P. 56(d).

[17] Wallace v. Texas Tech University, 80 F.3d 1042 (5th Cir. 1996).

[18] Fed. R. Civ. P. 56(c)(2).

[19] R. 16-3 at p. 12.

government to "establish title to, or right of possession of, real or personal property." Defendants do not address this argument in their opposition brief, but the court agrees with the government that a suit to enforce in rem rights is not subject to the statute of limitations.[20]

The government's next argument concerns the inapplicability of the defense of estoppel against it in this case. Again, plaintiff's opposition to the motion does not allege the applicability of estoppel. Instead, defendants urge the court to deny summary judgment based on the existence of "several" improvements on the land at issue in this case. Defendants allege that the government seeks to foreclose on the mortgaged land, including these improvements, and that such action is improper according to Louisiana property law regarding ownership of improvements to real property.

Specifically, defendants point out that the improvements at issue were built by defendants Glenda and Freddie Washington after the execution and recordation of the mortgages.[21] Defendants further point out that these improvements were placed on the property with the consent of the other co-owners, reserving their ownership to Glenda and Freddie Washington under La. Civ. C. Art. 493. Defendants assert that these improvements are moveables, rather than immovables. For these reasons, defendants argue that any foreclosure by the government must exempt these improvements.

Defendants' final argument is that the mortgages at issue in this case do not adequately describe the property subject to foreclosure because such mortgages do not include partial releases as to portions of the original 52.8 acre tract which defendants allege was sold to the Louisiana Department of Transportation and Development. Defendants aver that the discrepancies among the

---

[20] U.S. v. Eames, 74 F.3d 1236, *2 (5th Cir. 1995) quoting United States v. Ward, 985 F.2d 500, 503 (10th Cir. 1993).

[21] Affidavit of Glenda Washington [R.

6

mortgages and the rights acquired by the State of Louisiana represent a genuine issue of material fact precluding summary judgment.

As explained in this court's prior ruling denying defendants' motion to dismiss, La. Civ. C. Art. 3307 recognizes the pact de non in Louisiana property law, allowing a mortgage creditor to disregard all subsequent transfers of property subject to the mortgage and to enforce the mortgage rights via executory process.[22] It is undisputed in this case that the 52.8 acre tract of land at issue is subject to valid and enforceable mortgages held by the government and that payment on these mortgages is delinquent. Accordingly, the government is entitled, by virtue of the confession of judgment contained in the mortgages, to avail itself of executory process and to have its in rem rights recognized by this court.

While we are aware of the disagreement among the parties as to what portions of property and improvements is actually subject to the mortgage, we do not find that the court is called upon to construe the scope of the mortgage before recognizing the government's right to enforce it. Accordingly, we will issue a judgment recognizing and maintaining the mortgages upon all property subject to the mortgages and directing that the property subject to such mortgages be sold without appraisal as prayed for by the government. Should defendants wish to dispute the extent of the government's in rem rights, such dispute should be raised in a separate proceeding, likely against the purchaser of the property at the conclusion of the public auction.

For the reasons stated above, the court finds that the government's motion for summary judgment should be **GRATED** in full.

---

[22] R. 24 at p. 7.

7

Alexandria, Louisiana
February 22, 2011

_____
JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE